IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 08-31 |
| ) | |
| JACK JARVIS BRYAN, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 30th day of September, 2008, upon consideration of Defendant's "Motion for Reconsideration of Pre-Trial Detention" (document No. 58) filed in the above-captioned matter on July 28, 2008, and upon further consideration of the Government's response thereto, as well as the April 28, 2008 Order of Detention issued by Magistrate Judge Alicia G. Rosenberg of the Central District of California, the pretrial services report, and the evidence presented at the hearing held before this Court on September 29, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED, this Court finding that:

1. 18 U.S.C. § 3142(e) provides that the Court shall order a defendant to be detained before trial if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

2. The Government bears the burden of establishing by a preponderance of the evidence that the defendant poses a risk of flight, see United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986), and must establish that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. See 18 U.S.C. § 3142(f)(2).

3. In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, this Court is to consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings and whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence; and (4) the nature and seriousness of the danger to any

person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

4. In this case, Defendant is charged with conspiracy to defraud a financial institution, in violation of Title 18, United States Code, Section 371.

5. The instant charge arises from incidents which occurred from on or about May 8, 2007, through on or about September 15, 2007. It is charged that Defendant conspired with co-defendant Jason P. Majeski to obtain a loan from PNC Bank, and that in support of their loan request, Defendants submitted documents which contained false information regarding Defendant Bryan's personal and financial information and regarding Newport Sunn Trust.

6. Specifically, it is alleged that Defendants sought a loan of $234 million, and in so doing, represented that Defendant Bryan owned $234 million in assets in various securities, that Defendant Bryan owned real property valued at more than $200 million, that he earned an annual salary of $120,000, and that he received an annual bonus and commission of $50,000 from Newport Sunn Trust. It is also alleged that Defendants represented that Defendant Bryan had obtained a law degree, that he worked as an administrative law clerk for the Ninth Circuit Court of Appeals, and that he was employed as an attorney at the law firm of Brobeck, Phleger, and Harrison.

7. In addition to allegedly providing this false information to PNC Bank, Defendants met with bank personnel to discuss the status of the loan application on at least one occasion.

8. There is probable cause to believe that Defendant committed the instant charged offense as alleged, and the record indicates that there is substantial evidence against Defendant.

9. Defendant has a significant criminal history, including two prior convictions: (1) a conviction for bank fraud and mail fraud in 1993 and (2) a conviction for mail fraud in 1999. He has had several other fraud and theft by deception cases dismissed or nolle prossed.

10. Defendant has significant health concerns. Specifically, he suffers from severe inoperable coronary artery disease, recurrent unstable angina, severe peripheral artery disease, S/P left below knee amputation, amputation of toes on his right foot, carotid artery occlusions, neuropathy of the legs, and hypertension. In a June 13, 2008 letter, M.D. Patterson, CMO, of Allegheny Correctional Health Services, Inc. ("ACHS") advised the Court of Defendant's various conditions, and indicated that ACHS is currently managing Defendant's conditions with available medications and that Defendant does not at this time require hospitalization at an acute care facility. He did indicate that an alternative facility with a more extensive formulary would be beneficial to Defendant's health.

11. Defendant has no family ties in this area, and Defendant had been, prior to his detention, staying at the Double Tree Hotel in El Segundo, California, for a week with Majeski, who is his caretaker. Prior to that, he had been staying at the Double Tree Hotel in Dana Point, California, for three months. He previously stayed at Majeski's father's home in Pennsylvania for two years, and before that at an apartment in Marina Del Ray for two and a half years. He is not currently married and has no children.

12. The Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as necessary or the safety of any other person and the community. Specifically, the Court finds that there is a serious danger that Defendant will continue to commit crimes similar to the one charged in this case if he is released. He is charged with what amounts to fraudulent activity, and his prior convictions were both also for fraud. Defendant appears, in fact, to have a history of fraudulent behavior. Moreover, the enormous amount of money he attempted to fraudulently obtain in this case demonstrates the magnitude of the criminal acts in which he is willing to engage. The Court agrees, therefore, with the Magistrate Judge that the nature of the charged offense weighs toward detention.

13. Moreover, the Court agrees with the Magistrate Judge that Defendant's lack of ties to the area and his exceptionally

transient and unstable residence history indicate that he is likely not to appear as required. The Court further notes that numerous hearings have been re-scheduled on Defendant's behalf in this case, both here and in California.

14. While Defendant's physical condition is undoubtedly serious, he is not in need of acute care, and trial in this case is scheduled to commence in just over three weeks. There is no indication that his health is jeopardized by confinement during this short period. Defendant's physical condition, therefore, does not warrant a release from custody.

15. In light of these facts, there are simply no conditions or combination of conditions that would ensure Defendant's appearance or the safety of the community if Defendant were to be released.

16. Accordingly, the Court directs that Defendant remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver

Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                          <u>s/Alan N. Bloch</u>
                                        United States District Judge

ecf:      Counsel of record